******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# S. S. *v.* D. M.*
## (AC 47010)

Bright, C. J., and Moll and Flynn, Js.

*Syllabus*

The defendant, a former police officer, appealed from the judgment of the trial court granting an application for a civil protective order for the plaintiff, a police chief, filed pursuant to statute (§ 46b-16a (a)) on the basis of stalking. The defendant claimed, inter alia, that the trial court abused its discretion in issuing the order of civil protection, as modified, because the trial court did not make the requisite factual findings. *Held*:

The trial court abused its discretion in issuing the modified order of civil protection without having made the necessary factual findings that there were reasonable grounds to believe that the defendant both had stalked the plaintiff and would have continued to stalk the plaintiff.

Argued September 5—officially released October 8, 2024

*Procedural History*

Application for a civil protection order, brought to the Superior Court in the judicial district of Ansonia-Milford, where the court, *M. Moore, J.*, issued an ex parte civil protection order; thereafter, the court, *Hon. Arthur A. Hiller*, judge trial referee, granted the application and issued an order of civil protection, from which the defendant appealed to this court; subsequently, the court, *Hon. Arthur A. Hiller*, judge trial referee, granted the defendant's motion to modify the order upon agreement of the parties, and issued a modified order of civil protection, and the defendant filed an amended appeal. *Reversed*; *order vacated*.

* In accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2018), as amended by the Violence Against Women Act Reauthorization Act of 2022, Pub. L. No. 117-103, § 106, 136 Stat. 49, 851; we decline to identify any person protected or sought to be protected under a protection order, protective order, or a restraining order that was issued or applied for, or others through whom that person's identity may be ascertained.

*Todd R. Michaelis*, with whom, on the brief, was *Jeffrey M. Beck*, for the appellant (defendant).

*Thomas W. Bucci*, for the appellee (plaintiff).

*Opinion*

MOLL, J. The defendant, D. M., appeals from the judgment of the trial court granting the application for an order of civil protection for the plaintiff, S. S., pursuant to General Statutes § 46b-16a[1] on the basis of stalking. On appeal, the defendant claims that the court improperly continued in effect and further modified an order of civil protection for the benefit of the plaintiff without making certain requisite factual findings. We agree and, accordingly, reverse the judgment of the trial court.

The following procedural history is relevant to our resolution of this appeal. On September 25, 2023, the plaintiff filed an application seeking an order of civil protection against the defendant on the ground that the defendant had stalked him (application). In the supporting affidavit accompanying the application, the plaintiff averred that (1) he was the chief of police for a municipality and an adjunct professor at a community college, and (2) the defendant, whose employment as a police officer for the same municipality had been terminated in July, 2020, had stalked him at the community college

---

[1] General Statutes § 46b-16a (a) provides: "Any person who has been the victim of sexual abuse, sexual assault or stalking may make an application to the Superior Court for relief under this section, provided such person has not obtained any other court order of protection arising out of such abuse, assault or stalking and does not qualify to seek relief under section 46b-15. As used in this section, 'stalking' means two or more wilful acts, performed in a threatening, predatory or disturbing manner of: Harassing, following, lying in wait for, surveilling, monitoring or sending unwanted gifts or messages to another person directly, indirectly or through a third person, by any method, device or other means, that causes such person to reasonably fear for his or her physical safety."

and at his residence.[2] On September 25, 2023, the trial court, *M. Moore, J.*, issued an ex parte civil protection order prohibiting the defendant, inter alia, from stalking, contacting, or coming within 100 yards of the plaintiff. The court further ordered that a hearing on the application be held on October 6, 2023.

At the October 6, 2023 hearing on the application, the court, *Hon. Arthur A. Hiller*, judge trial referee, heard testimony from both parties. The plaintiff testified that the defendant (1) had driven by his house on multiple occasions, during which times the defendant videotaped and photographed him, and (2) had followed him on September 21, 2023, to the community college where he taught classes. The defendant testified that he had never followed the plaintiff, either intentionally or accidentally, or driven to the plaintiff's residence and videotaped the plaintiff's vehicle parked at the home, but he confirmed that he had visited the community college (1) on September 14, 2023, when the plaintiff was not present, and (2) again on September 21, 2023, under the belief that the plaintiff would not be present. According to the defendant's testimony, he (1) believed that the plaintiff was directing other police officers to teach his classes for him at the community college and (2) traveled to the community college on the aforementioned dates in order to document the plaintiff's absences.

At the conclusion of the October 6, 2023 hearing, the court issued an oral decision granting the application. The court stated: "The court finds that there [are] sufficient grounds for the continuation of this protective order. The evidence is sufficient to cause concern for

---

[2] The plaintiff further averred that (1) he previously had observed the defendant stalking him while he was on duty performing traffic detail in 2020, and (2) the defendant intentionally had driven by his past residences and watched him.

the court. And I'm sure to cause concern for the [plaintiff] as to potential harassment, potential—excuse me for a second, harassment, [lying in wait for], surveilling. All the items that are grounds for a civil protection order. There's sufficient proof for the court to continue this order." On October 23, 2023, the court accepted a stipulation executed by the parties to modify the civil protection order, granted a motion filed by the defendant to modify the order, and issued a modified order of civil protection. The modified order limited the scope of the original order's stay away provision by permitting the defendant to come within 100 yards of the plaintiff during other ongoing legal proceedings between the parties.[3] This amended appeal followed.[4]

We begin by setting forth the applicable standard of review and legal principles that are relevant to our resolution of the defendant's claim. "We apply the same standard of review to civil protection orders under § 46b-16a as we apply to civil restraining orders under General Statutes § 46b-15. Thus, we will not disturb a trial court's orders unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion . . . we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite

[3] The modified order of civil protection is set to expire on October 6, 2024.

[4] On October 18, 2023, the defendant filed this appeal from the October 6, 2023 order granting the application. On December 21, 2023, the defendant amended the appeal to encompass the October 23, 2023 modified civil protection order.

and firm conviction that a mistake has been committed. . . . Our deferential standard of review, however, does not extend to the court's interpretation of and application of the law to the facts. It is axiomatic that a matter of law is entitled to plenary review on appeal." (Internal quotation marks omitted.) *S. B-R.* v. *J. D.*, 208 Conn. App. 342, 346–47, 266 A.3d 148 (2021).

Section 46b-16a (a) provides in relevant part: "Any person who has been the victim of . . . stalking may make an application to the Superior Court for relief under this section, provided such person has not obtained any other court order of protection arising out of such . . . stalking and does not qualify to seek relief under section 46b-15. As used in this section, 'stalking' means two or more wilful acts, performed in a threatening, predatory or disturbing manner of: Harassing, following, lying in wait for, surveilling, monitoring or sending unwanted gifts or messages to another person directly, indirectly or through a third person, by any method, device or other means, that causes such person to reasonably fear for his or her physical safety." Subsection (b) of § 46b-16a provides in relevant part: "If the court finds that there are reasonable grounds to believe that the respondent has committed acts constituting grounds for issuance of an order under this section and will continue to commit such acts, or acts designed to intimidate or retaliate against the applicant, the court, in its discretion, may make such orders as it deems appropriate for the protection of the applicant. . . ."

Importantly, "an applicant for a civil protection order on the basis of stalking pursuant to § 46b-16a must prove only that there are reasonable grounds to believe that every element is met and that such conduct will continue." (Internal quotation marks omitted.) *Kayla M.* v. *Greene*, 163 Conn. App. 493, 506, 136 A.3d 1 (2016);

see General Statutes § 46b-16a (b). "A finding of reasonable grounds to believe stalking occurred is equivalent to a finding of probable cause that stalking occurred. . . . While probable cause requires more than mere suspicion . . . the line between mere suspicion and probable cause necessarily must be drawn by an act of judgment formed in light of the particular situation and with account taken of all the circumstances. . . . The existence of probable cause does not turn on whether the defendant could have been convicted on the same available evidence. . . . In dealing with probable cause . . . as the very name implies, we deal with probabilities." (Citation omitted; internal quotation marks omitted.) *C. A.* v. *G. L.*, 201 Conn. App. 734, 740–41, 243 A.3d 807 (2020).

"In order for a court to issue an order of civil protection under § 46b-16a on the basis of stalking, it must find that there are reasonable grounds to believe that the defendant both stalked the plaintiff and will continue to commit such acts. . . . If a court issues an order without a proper finding or without sufficient evidence to support such a finding, as to either stalking or the continuation of such acts, it will constitute an abuse of discretion." (Citations omitted.) *S. B-R.* v. *J. D.*, supra, 208 Conn. App. 347–48.

With these legal principles in mind, we turn to the merits of the defendant's claim on appeal. The defendant argues that the court abused its discretion in issuing the order of civil protection, as modified, because the court did not make the requisite factual findings that there were reasonable grounds to believe that the defendant both stalked the plaintiff and will continue to commit such acts. In connection with this claim, the defendant further asserts that the court improperly failed to make a finding as to the reasonable fear prong of stalking as defined in § 46b-16a (a). We agree with the defendant that the court's failure to make express

findings that reasonable grounds existed to believe that the defendant both had stalked the plaintiff and will continue to do so constitutes an abuse of the court's discretion.[5]

The court, in its ruling from the bench, stated that there were sufficient grounds for the continuation of the protective order, specifically that the evidence "cause[d] concern for the court . . . [a]nd . . . cause[d] concern for the [plaintiff] as to potential harassment . . . [lying in wait for], surveilling." Although we remain mindful that "we allow every reasonable presumption in favor of the correctness of [the court's] action"; (internal quotation marks omitted) *S. B-R.* v. *J. D.*, supra, 208 Conn. App. 347; we cannot reasonably construe the court's statements to constitute factual findings that there were reasonable grounds to believe that the defendant both had stalked the plaintiff and would continue to commit such acts. The court did not make any such findings expressly, and we do not interpret the court's statements that the court and the plaintiff were "concern[ed]" as to "*potential* harassment . . . [lying in wait for], surveilling"; (emphasis added); as being adequate to comprise any such findings. The court's use of the word "potential" implies only the possibility that stalking might occur in the future, not that stalking will continue. Indeed, the lack of subordinate findings by the court drawn from the evidence that would support these necessary findings further bolsters our conclusion. Cf., e.g., *Stacy B.* v. *Robert S.*, 165 Conn. App. 374, 377–79, 140 A.3d 1004 (2016) (in granting plaintiff's application for protective order under General Statutes (Rev. to 2015) § 46b-16a

---

[5] The defendant also argues that there was insufficient evidence to establish reasonable grounds to believe that the defendant both had stalked the plaintiff, including evidence to support the reasonable fear prong of stalking as statutorily defined, and would continue to stalk the plaintiff. Because the defendant's claim regarding the court's failure to make the requisite factual findings is dispositive, we need not reach his evidentiary claim.

on basis of stalking, trial court noted numerous instances where defendant made disparaging and defamatory statements about plaintiff to others, including on online publication, to school board of educational institution that plaintiff's son attended, and to plaintiff's employer).

In addition, in order to find that the defendant had stalked the plaintiff pursuant to § 46b-16a (a), it was necessary for the court to make an attendant finding that there were reasonable grounds to believe that the plaintiff reasonably feared for his safety as a result of the defendant's actions. "The standard to be applied in determining the reasonableness of the victim's fear in the context of the crime of stalking is a subjective-objective one. . . . As to the subjective test, the situation and the facts must be evaluated from the perspective of the victim, i.e., did [he] in fact fear for [his] physical safety. . . . If so, that fear must be objectively reasonable, i.e., a reasonable person under the existing circumstances would fear for his or her personal safety." (Internal quotation marks omitted.) *S. B-R.* v. *J. D.*, supra, 208 Conn. App. 348; see also *L. H.-S.* v. *N. B.*, 341 Conn. 483, 494, 267 A.3d 178 (2021) ("under our tools of statutory construction, § 46b-16a unambiguously creates a subjective-objective standard for purposes of assessing fear"). The court's decision is wholly devoid of any findings vis-à-vis the reasonable fear prong, as the court's statements regarding the plaintiff having "concern" as to "potential harassment . . . [lying in wait for], surveilling" are insufficient to satisfy this prong. The lack of subordinate findings by the court drawn from the evidence concerning the reasonable fear prong further supports our conclusion. Cf., e.g., *C. A.* v. *G. L.*, supra, 201 Conn. App. 736–37 (in granting plaintiff's application for civil protection order under § 46b-16a on basis of stalking, trial court found that parties had toxic relationship and were locked in

adversarial litigation, defendant frequently had left messages on plaintiff's door, and defendant's anger was " 'escalating well beyond the litigation' "); *Stacy B.* v. *Robert S.*, supra, 165 Conn. App. 377 ("[t]he court highlighted a number of incidents that would cause any reasonable person under the same circumstances to fear for his personal safety and to fear that his employment, business and career [were] thereby threatened" (internal quotation marks omitted)).

In sum, we conclude that the court abused its discretion in issuing the order of civil protection, as modified, without making the necessary factual findings that there were reasonable grounds to believe that the defendant both had stalked and will continue to stalk the plaintiff.[6] See *S. B-R.* v. *J. D.*, supra, 208 Conn. App. 347–48. Accordingly, the order of civil protection, as modified, cannot stand.

The judgment is reversed and the case is remanded with direction to vacate the order of civil protection, as modified.

In this opinion the other judges concurred.

---

[6] Relying on Practice Book § 61-10, the plaintiff argues that the defendant's claim regarding the court's failure to make the requisite factual findings is untenable because the defendant failed to file a motion for articulation of the court's decision pursuant to Practice Book § 66-5. See Practice Book § 61-10 (a) ("[i]t is the responsibility of the appellant to provide an adequate record for review"). We are not persuaded. As this court has instructed, prior to issuing an order of civil protection under § 46b-16a on the basis of stalking, a trial court *must* make factual findings "that there are reasonable grounds to believe that the defendant both stalked the plaintiff and will continue to commit such acts"; *S. B-R.* v. *J. D.*, supra, 208 Conn. App. 347; and the failure to do so "*will* constitute an abuse of discretion." (Emphasis added.) Id., 348. Here, there was no ambiguity or deficiency in the court's decision to be clarified; rather, the court's decision reflects that it committed error by failing to make the factual findings necessary to support the order of civil protection, as modified.